No. 81–191. NEEDHAM *v.* WHITE LABORATORIES, INC. C. A. 7th Cir. Certiorari denied. ▮

JUSTICE REHNQUIST, dissenting.

Because I believe that the Court of Appeals in this case misapplied the Federal Rules of Appellate Procedure and this Court's decision in *Thompson* v. *INS,* 375 U. S. 384 (1964), I dissent from the denial of certiorari.

In 1952, petitioner's mother took dienestrol, a synthetic estrogen, during her pregnancy with petitioner. In early

1974, petitioner's physician informed her that she had a vaginal cancer. Alleging that her mother's use of dienestrol was the proximate cause of her cancer, petitioner brought this diversity suit under Illinois tort law. After trial, the jury returned a verdict and awarded petitioner $800,000 in damages.

Within 10 days of this judgment, respondent filed a motion for judgment notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50(b). The timely filing of this post-trial motion tolled the 30-day period in which to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(4). The District Court denied the motion on January 14, 1980. Thus, the 30-day period began to run anew, terminating on February 14, 1980. On February 4, 1980, respondent filed a motion styled as a "motion for reconsideration" of the January 14 order denying its motion for judgment notwithstanding the verdict. At a subsequent hearing, the District Court erroneously informed counsel that respondent's "motion to reconsider" tolled the time for appeal. Respondent did not move for, and the District Court did not grant, an extension of time within which to appeal under Federal Rule of Appellate Procedure 4(a)(5). The District Court denied the "motion to reconsider" on March 20, 1980. Respondent filed notice of appeal on April 21, 1980, 99 days subsequent to the order of January 14 denying respondent's motion for judgment notwithstanding the verdict.

A divided Court of Appeals held that it had jurisdiction to hear the appeal. 639 F. 2d 394 (CA7 1981). After conceding that respondent's "motion to reconsider" did not toll the 30-day period that began to run when the Rule 50(b) motion was denied, the court held that this case fell within "the narrow exception recognized" in *Thompson* v. *INS, supra.* The court held that *Thompson* applied because respondent "should not be penalized for relying on the district court assurance that notice of appeal filed within thirty days of its

disposition of the motion to reconsider would be timely." 639 F. 2d, at 398.

Chief Judge Fairchild dissented. Following entry of an order denying respondent's Rule 50(b) motion, he argued, an extension of time under Federal Rule of Appellate Procedure 4(a)(5) was the sole method by which the running of the time for appeal could be extended. Moreover, the *Thompson* exception was "too narrow" to fit the situation in the instant case. "In *Thompson*, the Court predicated its holding *not only* on reliance on the district court's conclusion that a motion had been properly filed, but also upon appellant's *performing* 'an act which, if properly done, postponed the deadline for the filing of his appeal.'" 639 F. 2d, at 404 (emphasis added). In *Thompson*, the appellant filed an untimely but unchallenged post-trial motion. In contrast, respondent's filing of the "motion to reconsider" was not an act which, if properly done, would postpone the deadline for appeal. The Court of Appeals for the Seventh Circuit denied rehearing with three judges dissenting.

The Federal Rules of Appellate Procedure, promulgated in 1967, are quite simple and explicit in setting forth the procedures with which a litigant must comply in order to invoke the jurisdiction of the Court of Appeals. An appeal is taken by filing a timely notice of appeal with the District Court. Fed. Rule App. Proc. 3. Notice must be filed within 30 days after the date of entry of the judgment or order appealed from. Fed. Rule App. Proc. 4(a)(1). Four, and only four, timely post-trial motions will toll the running of the 30-day period until disposition by the District Court: (1) a motion for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 50(b); (2) a motion under Rule 52(b) to amend or make additional findings of fact; (3) a motion to alter or amend the judgment under Rule 59(e); (4) a motion for a new trial under Rule 59(a). Fed. Rule App. Proc. 4(a)(4). Compliance with Rule 4 is mandatory and jurisdictional. *Brow-*

*der* v. *Director, Ill. Dept. of Corrections*, 434 U. S. 257, 264 (1978) (citing cases). The clear purpose of Rule 4(a) is to set a definite point in time when litigation shall be at an end, so that the prospective appellee will know that he is freed of the appellant's demands. *Ibid.* The purposes behind the 30-day rule are so important that a Court of Appeals is barred from extending the time period. Fed. Rule App. Proc. 26(b). The barrier of the 30-day rule is not impenetrable, however, for the Rules provide that the District Court may, "upon a showing of excusable neglect or good cause," extend the time for filing a notice of appeal. Fed. Rule App. Proc. 4(a)(5). But even then, a District Court may grant such a motion only up to 30 days after the expiration of the time period. *Ibid.*

It is thus clear that respondent could not extend its time for filing a notice of appeal by its "motion to reconsider" the District Court's order denying respondent's previous motion for judgment notwithstanding the verdict. A "motion to reconsider" is not recognized by Rule 4(a)(4) as one that will extend the filing period.[1] The Court of Appeals correctly recognized this fact, as has this Court. *Browder* v. *Director, Ill. Dept. of Corrections, supra,* at 264–265.

The Court of Appeals' reliance on *Thompson* v. *INS, supra,* however, is misplaced. In that case, the appellant filed an untimely but otherwise proper post-trial motion with the District Court. The appellee raised no objection to the timeliness of the motion and the District Court erroneously determined that the post-trial motion was filed "in ample time." Appellant filed his notice of appeal within 60 days[2] of

---

[1] Such a motion is not recognized by any of the Federal Rules of Civil Procedure.

[2] At the time, appeals to the Court of Appeals were governed by Federal Rule of Civil Procedure 73, the predecessor to Federal Rule of Appellate Procedure 4. That Rule allowed for a 60-day period in which to file a notice of appeal with the District Court.

the denial of the post-trial motion, but not within 60 days of the original entry of judgment by the District Court. Appellee moved to dismiss the appeal because the untimely motion could not serve to toll the running of the time for appeal. Over four dissents, this Court reversed the Court of Appeals' dismissal of the appeal. "Here . . . petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal. Here . . . the District Court concluded that the act had been properly done. Here . . . the petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline beyond the old deadline." 375 U. S., at 387.

Thus, in order to invoke the *Thompson* exception, the appellant must satisfy two prerequisites: (1) he must rely on a statement by the District Court and (2) he must perform an act which, if timely done, would toll the time period. Even if the first element has been met in this case, it is clear that respondent's "motion to reconsider" could not, under any circumstances, toll the 30-day period. In contrast to the expressly authorized but untimely motion in *Thompson*, respondent's "motion to reconsider" in this case is not recognized by the Rules as one which, if timely filed, would toll the period for appeal. Rule 4(a)(4) clearly contemplates that only the initial motion of the type specified will toll the time for appeal until the motion is disposed of by the District Court. *Wansor* v. *George Hantscho Co.*, 570 F. 2d 1202, 1206 (CA5 1978), cert. denied, 439 U. S. 953 (1979). 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice ¶ 204.12[1] (2d ed. 1980). Thus, respondent's reliance on an erroneous assertion by the District Court is insufficient to invoke an implied exception to Rule 4's explicit and simple commands.

Under the 1979 amendments to the Federal Rules of Appellate Procedure, respondent had a means by which it could

extend the filing period so that the District Court could "reconsider" the initial post-trial motion without depriving respondent of an appeal. Rule 4(a)(5) authorizes the District Court to grant an extension of time in which to file notice of appeal. Respondent could have made such a request up to 60 days after the District Court had initially denied respondent's post-trial motion. Since the Rules provide one means by which respondent could preserve its time to appeal, there was no justification for the Court of Appeals to imply a different one in this situation.

Although it is unfortunate that respondent may have been misled by the District Court, a litigant is bound by the rules of procedure, just as he is by the rules of substantive law. A litigant is no more entitled to conclusively rely on a District Court's view of a rule of procedure than he is as to its view on matters of substantive law.

I would therefore grant a writ of certiorari in this case and reverse the Court of Appeals' decision. The Federal Rules of Appellate Procedure govern all cases on appeal in the federal system, and patchwork exceptions to them will do far greater harm to the system than an occasional random departure on a point of substantive law.