MARANE, INC., an Illinois corporation,
Plaintiff-Appellant,

v.

McDONALD'S CORPORATION &
McDonald's System, Inc.,
Defendants-Appellees.

No. 83–2663.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1984.

Decided Feb. 19, 1985.

Robert Ahern, Glenview, Ill., for plaintiff-appellant.

Alan H. Silberman, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

CUDAHY, Circuit Judge.

This is an appeal in a case involving allegations of conduct constituting antitrust violations and business torts. Plaintiff Marane, Inc. ("Marane"), is an Illinois corporation which used to operate a franchised restaurant in the McDonald's chain. Defendant McDonald's Corp. ("McDonald's") is the successor in interest by merger to defendant McDonald's System, Inc., and is a Delaware corporation. The gist of Marane's action is a claim that McDonald's violated antitrust law and committed tortious interference with prospective advantage by the manner in which it failed to renew Marane's restaurant franchise or to allow Marane to sell its franchise before it expired. Marane's appeal centers around two major contentions. First Marane claims that the district court abused its discretion by allowing Marane's counsel to withdraw under the circumstances of this case. Marane's second contention is that the district court erred in granting summary judgment for McDonald's. Before we can consider these contentions, however, we must examine the confused, though not complex, procedural history of this case to determine whether we have jurisdiction over any part of this appeal.

I.

Marane entered into a franchise agreement with McDonald's in 1957. Under the franchise agreement, Marane was authorized to use the McDonald's trade name and business methods at a restaurant that was owned by Marane's then principals. The agreement had a ten-year term, with a single ten-year renewal option. The option was exercised, and the franchise continued until it expired in 1978.

In those cases in which McDonald's wants to continue a franchise relationship with the holder of an expiring franchise, it offers the franchisee a new agreement, called a "rewrite." In July 1976 McDonald's advised Marane of its decision not to "rewrite" Marane's franchise upon its expiration in 1978. At the same time, McDonald's advised Marane that if the franchise were sold prior to expiration to a purchaser approved by McDonald's, McDonald's would commit itself to give the buyer a new franchise for a term of twenty years. Marane contended, however, that the franchise agreement granted a perpetual franchise to Marane.

In the final months of Marane's franchise, McDonald's brought a declaratory judgment action in state court. The court entered summary judgment for McDonald's, holding that the franchise agreement expired at midnight on May 31, 1978, that Marane had no option to renew or extend the contract beyond that time and (by implication) that Marane had no right to sell the franchise after that time. *McDonald's Corp. v. Marane, Inc.*, No. 78 L 2790 (Cir.Ct. of Cook County, Aug. 17, 1978).

Although Marane had discussions with several potential purchasers of the franchise, and received offers from some of them, no sale was closed prior to the expiration of the franchise.

On March 2, 1979, Marane filed in the district court the complaint commencing this litigation. Count I of Marane's complaint alleged that McDonald's had committed antitrust violations by refusing to allow Marane to transfer its franchise unless McDonald's obtained the right to lease the underlying real estate to the new franchisee. Count II alleged that by unreasonably withholding approval of any prospective transferee, McDonald's had committed tortious interference with the contractual undertakings or with the advantageous business relationships between Marane and the potential purchasers.

Discovery was pursued in a mutually acceptable manner until September 1980, at which time McDonald's objected to further discovery requests filed by Marane. At a hearing on June 30, 1982, the scope of this further discovery was determined. Marane did not proceed with any of the allowed further discovery, even though an order was entered directing it to examine by a specified date the documents which it sought, and on December 13, 1982, discovery was closed. Also on that date an order was entered scheduling the filing of a summary judgment motion by McDonald's for early February 1983.

We now turn to the crucial events of the first eight months of 1983. On January 21, 1983, counsel for Marane filed motions for leave to withdraw from the case. The motions mentioned serious and long-standing differences between counsel and Marane, both over the payment of expenses and over the conduct of the case. These motions were heard on February 7th. On that date the district court entered an order allowing Marane until February 17th to respond to the motions for leave to withdraw. Counsel were given until the 22nd to reply. McDonald's was granted leave to file its summary judgment motion and memorandum.

On February 10th the district court entered its next order. This order granted the motions for leave to withdraw. Marane was given until April 11th to respond to McDonald's motion for summary judgment, and McDonald's was given until April 25th to file its reply. On February 17th Marane filed a "Memorandum in Opposition to Motion to Withdraw." This was filed after entry of the order of February 10th, now conceded by McDonald's to be premature, but within the period set in the order of February 7th for responding to the motion to withdraw. The district court indicated it would rule on the memorandum as though it were a motion to reconsider the order of February 10th. On February 23rd Marane's present counsel sent a letter to former counsel and to counsel for McDonald's, enclosing the memorandum in opposition. The letter indicates that Marane's present counsel was aware of the order of February 10th. On April 14th Marane's present counsel was served with a copy of a letter from McDonald's to the district judge stating that Marane had not responded to the summary judgment motion although such response was due on April 11th.

On May 13th the motion to reconsider the February 10th order was denied by the district court. Two weeks later, on May 27th, a status hearing was held. Because Marane had not responded to McDonald's motion for summary judgment, the court granted the motion, and judgment was entered on May 31st. Subsequently, costs were taxed to Marane.

On June 29th Marane filed a "Motion to Reconsider." This motion asked the court to reconsider its orders of February 10th and May 31st. The motion asserted that the court had not ruled on the memorandum in opposition deemed to be a motion to reconsider, and that it was improper to rule on the summary judgment motion while the motion to reconsider was pending. The motion did not assert lack of notice as a reason for reconsidering the summary judgment by default, nor did it contest the underlying merits of summary judgment.

McDonald's filed its response to the June 30th motion to reconsider on July 12th. The response stated that the motion to reconsider was not timely under Rule 59, FED.R.CIV.P., because it has not been filed within ten days of the entry of summary judgment on May 31st. The response went on to argue that even if the court were to ignore the question of timeliness, the court *had* ruled on May 13th on the earlier motion to reconsider the order allowing counsel to withdraw, and thus there were no grounds for Marane's motion.

In an order dated August 12th the district court ruled on the motion to reconsider. That order is as follows.

The motion to reconsider is denied. Even if timely, the motion is predicated upon the premise that an earlier motion to reconsider an order permitting withdrawal of counsel should have been acted upon prior to any ruling upon a motion for summary judgment, and that procedure was not followed. Plaintiff is in error. The earlier motion was denied May 13, 1983, well before the ruling on the summary judgment motion.

On September 12th, Marane filed its notice of appeal "from the order of summary judgment ... entered in this action on the 12th day of August, 1982 [sic]." This appeal, and our possible jurisdiction, arise from this notice of appeal.

## II.

■■■■ The time limits for filing a notice of appeal are specified by Rule 4, FED.R. APP.P., and 28 U.S.C. § 2107.[1] Rule 4(a)(1) and section 2107 require that, except where the government is a party, the notice of appeal be filed within thirty days after the date of entry of the judgment appealed from. "This 30-day time limit is 'mandatory and jurisdictional.'" *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)). Rule 4(a)(4) provides that if certain post-judgment motions are timely

filed in the district court, the time for appeal runs from the entry of the order disposing of the motion (except in the case of an order granting a new trial, which is not appealable). Among the motions listed in Rule 4(a)(4) are motions under Rule 59(e), FED.R.CIV.P., to alter or amend the judgment.

If Marane's "Motion to Reconsider" was a timely Rule 59(e) motion, then the period for filing an appeal did not start to run until August 12, 1983, the day after entry of the order denying the motion. (The order was entered in the docket August 11th, though it was dated August 12th.) Marane filed its notice of appeal on September 12th. This was timely because September 10, 1983, the final day of the thirty-day period, was a Saturday. FED.R.CIV.P. 6(a). Thus if Marane's motion was timely, we would have jurisdiction over the appeal, and could reach the substantive issues.

■■■■ Rule 59(e) requires that motions to alter or amend the judgment be served not later than ten days after entry of judgment. Summary judgment was entered on May 31, 1983. The ten-day period expired on June 10th, a Friday. To be timely, a Rule 59(e) motion would have had to have been served on or before that date. Marane's motion to reconsider was not served, however, until June 29, 1983, and so was untimely. Untimely motions under Rule 59(e) do not extend the period for filing notice of appeal. *Browder*, 434 U.S. at 264–65, 98 S.Ct. at 560–61; 9 J. MOORE & B. WARD, MOORE'S FEDERAL PRACTICE ¶ 204.12[2], pp. 4–71–4–73 (2d ed. 1983). *See Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 182 (7th Cir.1984). Therefore, if Marane's motion for reconsideration was a Rule 59(e) motion, notice of appeal would have had to have been filed by June 30, 1983, thirty days after entry of summary judgment. Since the notice of appeal was filed after that date, it would be untimely, and we would lack jurisdiction over this appeal.

---

**1.** The Rules govern in cases of conflict between the Rules and statutory law. 28 U.S.C. § 2072.

Counsel for Marane asserts that he did not receive notice of the entry of default judgment until "two weeks later," Marane Br. 2, or "about June 10, 1983," Marane Br. 6. He argues that for this reason the motion to reconsider should be treated as timely.[2] However, Rule 6(b), FED.R.CIV.P., explicitly precludes enlargement of the time for filing Rule 59(e) motions. *Browder*, 434 U.S. at 261–62 n. 5, 98 S.Ct. at 559–60 n. 5; *Bernstein*, 738 F.2d at 182. Further, it is well-settled that the district court lacks the power to extend the period for filing 59(e) motions. *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849 (7th Cir.1981). Nor do we believe any member of the bar should be able to plead unfamiliarity with the Federal Rules of Civil Procedure in excuse for his or her tardiness (and we know of no cases where even *pro se* litigants have been permitted to extend the period for filing 59(e) motions).

If Marane's motion to reconsider is not a Rule 59(e) motion, it must be a Rule 60(b) motion.[3] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment or order for, among other reasons, "excusable neglect" or "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(1) & (6). A Rule 60(b) motion is timely if made "within a reasonable time," and, if based on excusable neglect, not more than one year after the judgment or order was entered or taken. We see no reason to suppose that Marane's motion to reconsider was not filed within the required "reasonable time." However, a Rule 60(b) motion "does not affect the finality of a judgment of suspend its operation," FED.R.CIV.P.

2. Marane's counsel does not argue that this constitutes "excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree" justifying the extension of the appeal period pursuant to 28 U.S.C. § 2107. Marane made no such argument to the district court, and section 2107 only allows extension of the period for thirty additional days. Thus even under the extended period Marane's notice of appeal was not timely. Nor did Marane make a motion in the district court for an extension of time for filing notice of appeal upon a showing of "excusable neglect or good cause," pursuant to FED.R.APP.P. 4(a)(5), which allows a longer extension.

Finally, Marane's counsel does not argue that the "unique circumstances" exception to the requirement of timely appeal, developed by the Supreme Court in *Thompson v. Immigration and Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (*per curiam*), is applicable. Under that doctrine an appellate court may and should hear an appeal even though it is not timely, if the appellant reasonably relied on an erroneous statement of the district court that the appeal or motion was timely, and the appeal would have been timely if the district court had been correct. *See* 9 J. MOORE & B. WARD, MOORE'S FEDERAL PRACTICE ¶ 204.12[2] (2d ed. 1983); 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1168 (1969). This doctrine has been recognized in this circuit. *See, e.g., Needham v. White Laboratories, Inc.*, 639 F.2d 394 (7th Cir.), *cert. denied*, 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981); *Eady v. Foerder*, 381 F.2d 980 (7th Cir.1967). However, this doctrine is not applicable to the present case. First, the district court took no action indicating that an appeal filed within thirty days of any action on the motion to reconsider would be timely, such as by stating that the motion to reconsider was a timely Rule 59 motion. Reliance on some such district court action is a prerequisite to application of the doctrine. *Martinez v. Trainor*, 556 F.2d 818, 820–21 (7th Cir.1977); *Files v. City of Rockford*, 440 F.2d 811, 814–15 (7th Cir.1971); WRIGHT & MILLER § 1168, at 639, 642. Second, since McDonald's asserted in its response that the motion to reconsider was untimely as a Rule 59 motion, any reliance on the district court could not have been reasonable. *Martinez v. Trainor*, 556 F.2d at 820–21; WRIGHT & MILLER § 1168 at pp. 641–42 n. 22.

3. It is possible that the motion is a Rule 52(b) motion to amend findings or make additional ones, or a Rule 59(a) motion for a new trial. Either of these motions, if timely made, would suspend the period for filing the notice of appeal. However, the period for making these motions is ten days, FED.R.CIV.P. 52(b), 59(b), and the period cannot be enlarged, FED.R.CIV.P. 6(b). Therefore the analysis given above for Rule 59(e) motions is applicable. If the motion to reconsider were a 52(b) or 59(a) motion, we would not have jurisdiction over this appeal. *See Browder*, 434 U.S. at 261–62 n. 5, 98 S.Ct. at 559–60 n. 5. Thus Rule 60(b) presents the only alternative that might be of help to Marane. "[S]ubstance controls in determining whether a postjudgment motion is a Rule 59(e) or a Rule 60 motion." *Bank of California v. Arthur Andersen & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983).

60(b), and does not extend the time for taking an appeal. *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; *Bernstein*, 738 F.2d at 182. Since the notice of appeal was not filed within thirty days after entry of judgment, the appeal is not timely if the motion is a 60(b) motion, and we have no jurisdiction over the substantive appeal.

 A ruling on a Rule 60(b) motion is appealable, *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7, and the notice of appeal was filed within thirty days of the denial of the motion, so we have jurisdiction over an appeal of that denial. However, we can only consider whether the denial of the motion was an abuse of discretion; we cannot reach the merits of the underlying judgment. *Id.; Brennan v. Midwestern United Life Insurance Co.,* 450 F.2d 999, 1003 (7th Cir.1971), *cert. denied sub nom. Herriman v. Midwestern United Life Insurance Co.,* 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972). A decision on a Rule 60(b) motion is subject to the same abuse of discretion standard of review where the underlying judgment was by default. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 n. 5 (7th Cir.1984); *Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1230 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983).

 The district court did not specify under which rule it was treating the motion. It denied the motion, and then went on to state that even if timely the premise on which the motion was predicated was false: Marane claimed error because, it asserted, a particular procedure had not been followed. But the procedure had been followed, so the motion asserted no grounds for granting the motion. If the district court was treating the motion as a Rule 59 motion, its determination that the motion was untimely was correct, and the denial of an untimely Rule 59 motion, whether for that or any other reason, is not appealable anyway. If the district court was treating the motion as made under Rule 60(b), it might have abused its discretion if it had denied the motion solely on the basis of untimeliness. However, the alternative ground for denial, that the claimed error had not occurred, was correct and therefore denial on that basis certainly not an abuse of discretion.[4]

For the reasons stated above, insofar as this appeal is taken from the order of August 12, 1983, as the denial of a Rule 60(b) motion, the action of the district court is AFFIRMED. However, insofar as this appeal is taken from the entry of summary judgment on May 31, 1983, or any other action of the district court (except the possible 60(b) denial of August 12th), the notice of appeal was untimely, this court lacks jurisdiction and the appeal is DISMISSED.

---

4. Marane makes repeated assertions in its brief, and did also at oral argument, that it received no actual notice of many of the district court's actions, including the order of May 13th denying the motion to reconsider withdrawal of previous counsel, or the status call of May 27th at which it failed to appear and summary judgment was granted. These assertions were not made in, nor asserted as grounds for, the motion to reconsider of June 29th. We have no opinion about their accuracy, or whether there is any evidence to support them. Nor do we express any opinion as to whether, if supported and presented in a proper 60(b) motion for relief from judgment, these would support the granting of such a motion, or be of such a nature that denial of such a motion would be an abuse of discretion. *Compare Inryco,* 708 F.2d at 1230–31 (attorney's conduct not excusable neglect) *with Ellingsworth v. Chrysler,* 665 F.2d 180, 184 (7th Cir.1981) (defendant's failure to appear was the result of mistake or excusable neglect). Nor do we express any opinion whether such a 60(b) motion could be timely filed in the district court after this opinion is issued.