904 F.2d 702
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven SCHLOSSBERG, Defendant-Appellant.
 No. 89-5474.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1990.
Decided May 24, 1990.
As Amended June 18, 1990.
Rehearing and Rehearing In Banc Denied July 13, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR No. 88-110-JFM).
 Steven Schlossberg, appellant pro se.
 Lisa M. Griffin, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 DISMISSED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 On February 14, 1989, pursuant to a plea of guilty to a charge of conspiracy to distribute cocaine, Steven Schlossberg was sentenced to 45 months in prison, 3 years of supervised release, and a $50,000 fine. On October 16, Schlossberg filed a notice of appeal challenging only the imposition of the term of supervised release.[1] We dismiss the appeal as untimely under the 10-day limitations period in Fed.R.App.P. 4(b).
 
 
 2
 Schlossberg contends that Rule 4(b) has been modified by the enactment of 18 U.S.C. Sec. 3742 to allow sentencing guidelines appeals "at any time."[2] We disagree. Congress has delegated the responsibility to promulgate rules of practice and procedure in the federal courts to the Supreme Court. See 28 U.S.C. Sec. 2072(a). In the event of a conflict between procedural rules promulgated by the Court and statutory law, the rules govern. See Marane, Inc. v. McDonald's Corp., 755 F.2d 106, 110 n. 1 (7th Cir.1985); 28 U.S.C. Sec. 2072(b).
 
 
 3
 Thus, the timeliness of Schlossberg's notice is measured against Rule 4 requirements. Under these criteria, Schlossberg's notice of appeal is untimely--he filed his notice outside the 10-day period and he failed to move for an extension of time within 30 days of judgment. See Rule 4(b).
 
 
 4
 The time periods established by Rule 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Schlossberg's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in this record and oral argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Schlossberg claims that supervised release was not authorized when he committed his offense and thus, if imposed, (implicitly) violates the ex post facto clause
 
 
 [2]
 Title 18 U.S.C. Sec. 3742 reads:
 (a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of law;
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.