983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis WAGNER, Plaintiff/Appellee,
v.
JOHN GLASSPIEGEL CO., INC., et al. Defendants/Appellees.
Appeal of Charles W. DOBRA.
 No. 91-3875.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 12, 1993.*
Decided Jan. 19, 1993.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin; No. 89-C-159, Robert W. Warren, Senior Judge.
 E.D.Wis.
 AFFIRMED.
 BAUER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The district court sanctioned Charles Dobra under Rule 37(b) of the Federal Rules of Civil Procedure then denied his motion to reconsider the sanctions. Fed.R.Civ.P. 60(b). Although a late notice of appeal prevents us from considering the sanctions decision on the merits, we may consider the Rule 60(b) denial. We accordingly affirm that ruling.
 
 I. BACKGROUND
 
 2
 This appeal arises out of a copyright infringement and breach of contract suit. On November 13, 1990, one month before a scheduled trial, Charles Dobra moved to withdraw as an attorney for the plaintiff. Dobra based his motion on his client's uncooperative behavior and on his refusal to pay fees. In a subsequent hearing on the motion, Dobra argued also that his client discharged him, that representing the client would be illegal, and that he had irreconcilable conflicts with co-counsel. Co-counsel, opposing counsel, and Dobra's client also testified at the hearing, complaining about Dobra's dilatory behavior, including his failure to complete discovery.
 
 
 3
 After considering the evidence presented at the hearing, the district court granted Dobra's motion to withdraw, conditioned upon his payment of $2,500 to the defendants. Fed.R.Civ.P. 37(b)(2). Several months later, on October 4, 1991, the court entered a final judgment in the case.
 
 
 4
 Dobra did not serve a motion to alter and amend the final judgment within the ten-day limit of Rule 59(e). Instead, he challenged the sanctions decision in a "petition to reconsider," which was filed twenty-eight days after final judgment. In the petition, as at the hearing, Dobra argued that his withdrawal was proper and that his client had perjured himself. The district court denied the motion on November 14, 1991, and Dobra filed his notice of appeal on December 13, 1991.
 
 II. ANALYSIS
 
 5
 Rule 4(a)(1) requires that a notice of appeal be filed within thirty days after the date of entry of the judgment appealed from. Fed.R.App.P. 4(a)(1). Although compliance with this time limit is "mandatory and jurisdictional," Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978), Rule 4 provides that a timely motion to alter and amend judgment under Rule 59(e) tolls the time for appeal. Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 59(e). Rule 59(e) includes any substantive motion to reconsider filed within ten days of the rendition of the judgment. United States v. Deutsch, 1992 U.S.App. LEXIS 32251 (7th Cir. Sept. 8, 1992). Later reconsideration motions fall under Rule 60(b) and do not extend the time for taking an appeal. Marane, Inc v. McDonald's Corp., 755 F.2d 106, 111 (7th Cir.1985).
 
 
 6
 These rules prevent us from reviewing the sanctions decision on the merits, but permit us to consider the court's denial of the petition to reconsider. Dobra failed to appeal the sanctions decision within thirty days of the final judgment, as required by Rule 4. He filed his notice of appeal on December 13, 1991, over two months after the final judgment in this case. Although a timely motion to alter and amend judgment would have tolled this period, Dobra failed to meet Rule 59(e)'s time requirements. He did, however, meet the requirements of Rule 60(b), Fed.R.Civ.P. 60(b); Deutsch, 1992 U.S.App. LEXIS 32251, and a ruling on a Rule 60(b) motion is itself appealable as long as a notice of appeal was filed within thirty days of the denial of the motion. Marane, 755 F.2d at 112. Because Dobra filed his notice of appeal twenty-eight days after his motion was denied, we may review the denial for abuses of discretion, but we may not reach the merits of the underlying judgment. Id.
 
 
 7
 We find no abuse of discretion here. As the district court pointed out, Dobra's motion simply recapitulated the arguments that he made to the court before he was sanctioned. The motion does not discuss excusable neglect, Fed.R.Civ.P. 60(b)(1), newly discovered evidence, Fed.R.Civ.P. 60(b)(2), fraud, Fed.R.Civ.P. 60(b)(3), or any other ground giving rise to a remedy under Rule 60(b). See Landau & Cleary, Ltd. v. Hribar Trucking, Inc., 867 F.2d 996, 1000 (7th Cir.1989). Confronted with only a restatement of arguments previously rejected, the district court appropriately denied Dobra's Rule 60(b) motion. See also Local 332 v. Johnson Controls, 969 F.2d 290, 292-93 (7th Cir.1992) (a rule 60(b) motion is not a substitute for a direct appeal).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs