Janet LEE, Appellant,

v.

Warren GRUEL et al., Appellees.

No. CIV.A.1999–208.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Considered: May 18, 2001.

Filed: Feb. 26, 2003.

Lee J. Rohn, Esq., Law Offices of Lee J. Rohn, St. Croix, VI, Counsel for appellant.

Houston Archibald, St. Thomas, VI, Pro se appellee.

Samuel H. Hall, Jr., Esq., Birch de Jongh, Hindels & Hall, St. Thomas, VI, Counsel for Appellee Clifton Ashley Boynes.

Nathania M. Bates, Esq., Andrew C. Simpson, Esq., Bryant, Barnes & Simpson, P.C., St. Croix, VI, Counsel for Appellee Warren Gruel.

Before: FINCH, Chief Judge, District Court of the Virgin Islands; MOORE, District Judge, District Court of the Virgin Islands; and EDGAR D. ROSS, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

### I. INTRODUCTION

Janet Lee ["Lee" or "appellant"] brought an action in the Territorial Court against Warren Gruel ["Gruel"] for his alleged negligent operation of a taxi. She appeals the Territorial Court's order granting Gruel's motion for summary judgment and dismissing her complaint. Gruel and the other appellees, Clifton Ashley Boynes ["Boynes"] and Houston Archibald ["Archibald"], have filed motions to dismiss the appeal, arguing that the Court lacks jurisdiction because the notice of appeal was untimely filed.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 1991, a vehicle collided with a taxi driven by Gruel.[1] The type of taxi involved is a pickup truck that has been remanufactured by welding a structure, with a roof and back seats for carrying passengers, to the chassis behind the cab. In the Virgin Islands such a remanufactured truck is commonly referred to as a "safari bus." In the collision, Lee, a passenger on Gruel's safari bus, fell out and was injured. Lee filed a complaint against Gruel, alleging that he negligently operated the safari bus because he failed to provide seat belts to passengers or otherwise warn passengers of the dangerous situation created by the absence of seat belts. During the course of the litigation in May, 1995, Lee sought to amend her complaint to add two other defendants, namely, Clifton Ashley Boynes, the alleged co-owner of the vehicle, and Houston Archibald, the operator of Archie's Welding who built and installed the passenger structure on the back of the safari bus. (*See* App. at 43–48.) In December, 1995, the Territorial Court denied Lee's motion, finding that the amendment was barred by the applicable statute of limitations. (*Id.* at 93–95.)

On February 9, 1999,[2] the trial court granted Gruel's motion for summary judg-

---

1. The driver of the second vehicle caused the accident.

2. The trial judge signed the order on February 8th, but the clerk did not enter the order

ment and dismissed Lee's complaint. (*Id.* at 140–43.) The judge found that Gruel's vehicle was a bus and therefore exempt from the seat belt requirement of V.I. CODE ANN. tit. 20, § 466(a). The court also rejected Lee's other basis for relief that Gruel failed to provide adequate warning about the dangerous condition created by the lack of seat belts on the safari bus. The court found that Lee, a frequent passenger on safari buses, knew that the vehicle did not have seat belts and that a warning would not have caused Lee to act any differently. Although not docketed in the Territorial Court or provided to this Court, the parties concede that Lee filed a notice of appeal on February 24, 1999, specifically appealing the order granting Gruel's summary judgment motion. (*See* App. at 144 (stating that the plaintiff "give[s] notice of her appeal of the Order of [the Territorial Court], dated February 9th, 1999, dismissing her cause of action").)

Lee also filed on February 24th, sixteen days after the court's initial ruling, a motion to reconsider the court's summary judgment decision. The Territorial Court denied Lee's motion to reconsider on September 7, 1999. The judge reiterated his finding that Gruel's vehicle was exempt from the seat belt provisions of the Virgin Islands Code. The judge included an additional basis, namely, that even if the vehicle was not a bus and thus subject to the mandatory seat belt requirements, the vehicle complied with the Virgin Islands' seat belt law requirement that seat belts be provided only for the driver and the front seat passenger. The law does not require seat belts for other passengers.

As reflected in the Territorial Court's docket, on October 12, 1999, Lee faxed a second notice of appeal to the Territorial Court in St. Croix, seeking to appeal the September 7th ruling. On October 13,

1999, Lee filed the original notice with the St. Thomas and St. John Division of the Territorial Court, stating that Lee "gives notice of appeal of the finding that the safari herein is not a bus within the meaning of 20 V.I.C. § 466(b) and also appealing the Court's order dismissing the other Defendants in this matter." (App. at 182.) Lee has conceded that the notice of appeal incorrectly identified Boynes and Archibald as "other Defendants," and argues that she was in fact appealing the trial court's denial of her motion to amend her complaint to include these additional defendants. Gruel, Boynes, and Archibald have each filed motions to dismiss Lee's appeal, arguing that the Court lacks jurisdiction because her October, 1999, notice of appeal was untimely filed. Lee has opposed these motions.

## III.  DISCUSSION

### A.  Motions to Dismiss for Lack of Jurisdiction

Lee's appeal, filed on February 24, 1999, of the Territorial Court's February 8, 1999, order granting Gruel's motion for summary judgment was well within the thirty-day time limit for filing appeals of judgments and orders in civil matters. *See* V.I. R. APP. P. 5(a)(1). Lee's second notice of appeal, however, filed in October following the trial court's denial of her motion for reconsideration, was filed out of time.

The Territorial Court's order denying Lee's motion for reconsideration was signed on September 7, 1999. Lee was required to file her notice of appeal of this order with the Clerk of the Territorial Court "within thirty days after the date of entry of the judgment or order appealed from." *Id.* A judgment is entered when it is entered in compliance with Territorial

into the record until February 9th. (App. at   140.)

Court Rule 49, which provides that the judgment "shall take effect, for purposes of appeal, upon entry by the clerk." TERR. CT. R. 49; *see also* V.I. R. APP. P. 5(a)(8). The notice of entry of the judge's ruling clearly indicates that the order denying the motion to reconsider was entered on September 7, 1999. (*See* App. at 178.) Accordingly, Lee had until October 7th, thirty days from September 7th, within which to file her appeal. Thus, Lee's notice of appeal filed on either October 12th or October 13th was untimely.[3] Lee's untimely filing of her notice of appeal from the September, 1999, ruling, however, has no effect on the continuing validity of Lee's first notice of appeal that she timely filed on February 24, 1999.

The trial judge characterized Lee's motion to reconsider as a motion filed pursuant to Federal Rule of Civil Procedure 60(b). If Lee had filed this rule 60(b) motion within ten days after the entry of the February 9th order, the time to appeal that order would have been tolled until the Territorial Court disposed of the rule 60(b) motion. V.I. R. APP. P. 5(a)(3). Lee would then have thirty days from the entry of the judgment disposing of her rule 60(b) motion to file her notice of appeal or, if she

filed her notice of appeal before the Territorial Court ruled on the motion, that notice of appeal would be "ineffective to appeal from the judgment or order . . . until the date of the entry of the order disposing of the" timely filed rule 60(b) motion. *Id.* Stated another way, the Appellate Division does not have jurisdiction to consider an appeal until the Territorial Court rules on a rule 60(b) motion filed within ten days of the order being appealed.[4] The Territorial Court retains jurisdiction over the matter until it resolves the motion at which time the parties have thirty days in which to file a notice of appeal of the trial judge's rule 60(b) decision.

■ In this instance, however, Lee did not file her rule 60(b) motion within ten days after the entry of the February 9th judgment. Accordingly, Lee's February 24th notice of appeal was effective when filed and the Appellate Division assumed jurisdiction. The Territorial Court did retain limited jurisdiction to consider the rule 60(b) motion. If the trial judge had been inclined to grant the rule 60(b) motion, the judge was required to "notify the Appellate Division and request that the entire matter be remanded to the Territo-

---

3. Even if the Court were to accept Lee's argument that the order was not entered until September 9th, the date of the clerk's notice of entry of the order, her appeal would still be untimely. If entered on September 9th, Lee had until October 9th to file her notice of appeal. As October 9th was a Saturday and Monday, October 11th was a federal holiday, Lee was required to file her appeal by October 12th. She admits and the Territorial Court docket reflects that she faxed a notice of appeal to the Territorial Court on October 12th but did not actually file a hard copy until October 13th. The Territorial Court Rules do not provide for filing by facsimile. The Federal Rules of Civil Procedure direct that in the absence of a local rule to the contrary, filing by "electronic means" is not permitted. FED. R. CIV. P. 5(e); *see also* TERR. CT. R. 7 (The rules of federal procedure govern practice

and procedure in the Territorial Court to the extent they are consistent with the Territorial Court Rules.). Accordingly, even if the Court agrees that Lee's time to appeal ran from September 9th, her appeal was filed one day late.

4. The following motions have the same tolling effect as a rule 60(b) motion filed within ten days of the judgment or order being appealed: a motion (1) for judgment under Federal Rule of Civil Procedure 59(b); (2) to amend or make additional findings of fact under Federal Rule of Civil Procedure 52(b), whether or not granting the motion would alter the judgment; (3) to alter or amend the judgment under Territorial Court Rule 50; (4) for a new trial under Territorial Court Rule 50; or (5) for a new trial under Territorial Court Rule 65. *See* V.I. R. APP. P. 5(a)(3).

rial Court for further action." V.I. R. APP. P. 5(a)(4). After considering the interests of judicial efficiency and the possibility of abuse, the Appellate Division could have granted the request and remanded the matter for the trial judge to rule on the 60(b) motion.[5] *Id.* The time to appeal the trial judge's rule 60(b) decision would then run from the date that judgment or order is entered. If, however, as occurred in the instant matter, the trial judge denied the rule 60(b) motion filed more than ten days after the entry of the judgment or order being appealed, there was absolutely no effect on the already filed appeal or on the Appellate Division's jurisdiction over that appeal. Accordingly, the trial judge's denial of Lee's rule 60(b) motion that was filed sixteen days after entry of the February 9th judgment, had no effect on Lee's timely notice of appeal of the February 9th judgment.[6]

■ Lee's timely notice of appeal, however, did not include the Territorial Court's refusal to allow her to amend her complaint to include the two additional defendants, Boynes and Archibald. We accordingly do not have jurisdiction over this issue and will grant Clifton Ashley Boynes' and Houston Archibald's motions to dismiss this appeal as against them. The Court will deny Gruel's motion to dismiss the appeal for lack of jurisdiction and will consider the merits of Lee's appeal as against Gruel.

## B. Motion for Summary Judgment

■ The Court has jurisdiction to review the judgments and orders of the Territorial Court in all civil cases. 4 V.I.C. § 33. The Court's review of an order granting summary judgment is plenary. *Virgin Islands Bldg. Specialties v. Bucaneer Mail Assocs., Inc.,* 197 F.R.D. 256, 260 n. 8 (D.V.I.2000). When reviewing an order granting summary judgment, the Court must employ the same test the trial court is required to apply. *Carty v. Hess Oil Virgin Islands Corp.,* 78 F.Supp.2d 417, 419 (D.V.I.1999). Accordingly, we must affirm the Territorial Court's ruling if we find that there exists no genuine issue of material fact, and that Gruel, the moving party, is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In her appeal, Lee does not contest the trial judge's conclusion that the facts are not in dispute but instead focuses on the standard the judge applied.

In his February, 1999, ruling granting Gruel's motion for summary judgment, the trial judge found as a matter of law that the vehicle driven by Gruel was a "bus" and therefore was not required to have seat belts. The judge relied on the provisions of 20 V.I.C. § 466(a)-(b) to make this determination. Section 466(a) provides in relevant part: "No person shall operate a motor vehicle unless the operator and any

---

5. The Territorial Court does not have the authority to grant the other motions set forth in Rule 5(a)(3), *see supra* note 3, that are filed more than ten days after the entry of judgment or order being appealed. As with a rule 60(b) motion filed after the ten days, the time to appeal and the jurisdiction of the Appellate Division are not affected by the late filing of these other motions in the Territorial Court. *See* V.I. R. APP. P. 5(a)(4). The Appellate Rules do not provide for the return of a matter to the Territorial Court for any of these other motions, only for a rule 60(b) motion when the trial judge requests the remand.

6. A motion for reconsideration is not recognized by the Federal Rules of Civil Procedure or the Rules of the Territorial Court, further bolstering the conclusion that the resolution of the motion for reconsideration and the untimely appeal filed thereafter have no bearing on the filing of the first notice of appeal. *See Needham v. White Labs., Inc.,* 454 U.S. 927, 930 n. 1, 102 S.Ct. 427, 70 L.Ed.2d 237 ("Such a motion [to reconsider] is not recognized by any of the Federal Rules of Civil Procedure.") (Rehnquist, J., dissenting).

passenger in the front seat of the vehicle are restrained by a safety belt."

Section 466(b) provides the exceptions to the requirements of paragraph (a):

> For the purpose of this section, the term "motor vehicle" includes all motor vehicles as defined by section 301 of this title, except for those motor vehicles manufactured before January 1, 1978, *buses,* authorized emergency vehicles and trucks with a maximum gross weight of 18,000 pounds or more.

(Emphasis added.) In his September, 1999, ruling, the trial judge included an additional basis for granting the summary judgment motion, namely, that even if Gruel's vehicle was considered a motor vehicle subject to the provisions of section 466(a), his vehicle did have seat belts for both the driver and the front seat passenger and, therefore, was in full compliance with the law.

Although Lee challenged the Territorial Court's characterization of Gruel's vehicle as a "bus" in her motion to reconsider, on appeal she concedes that Gruel's vehicle was a bus.[7] (*See* Appellant's Br. at 15 ("Because the Safari bus was designed to carry more than 10 persons, ... it is indeed, a bus." (citations omitted)).) She raises on appeal, however, a new argument never presented to the Territorial Court. She argues that the Territorial Court incorrectly applied 20 V.I.C. § 466 to determine that Virgin Islands law does not require buses to have seat belts for

passengers in the rear because section 466 was not in effect at the time of the accident on April 26, 1991. Lee correctly notes that, although the statute was enacted on April 2, 1991, it did not become effective until 180 days later. *See* 20 V.I.C. § 466 *History–Effective Date.* In light of this, she contends that the Territorial Court should have looked to the Federal Motor Vehicle Safety Standards concerning safety restraints. She admits that the federal standards do not require buses manufactured in 1988, like Gruel's,[8] to have passenger seat belts. (Appellant's Br. at 15 (citing 49 C.F.R. § 571.208, included in Appellant's Br. at ADD19).)[9] Under the federal standards, only the driver's seat must be equipped with a seat belt. (*Id.*) Although the federal guidelines in place at the time did not require passenger seat belts on buses and the Virgin Islands Legislature did not require passengers in the rear of a vehicle to use seat belts,[10] Lee nevertheless contends that the trial court erred by not allowing a jury to determine whether a "common law rule" requires passenger seat belts on buses. She offers no support or basis for such a common law rule, arguing only that the jury should have been given the opportunity to create one.

Contrary to Lee's assertions, the determination whether Gruel had a duty to provide seat belts for passengers such as Lee is a question of law, not fact, and one properly resolved by the court, not the

---

**7.** The Territorial Court ruled on Gruel's motion for summary judgment without any input from Lee as she failed to file an opposition to Gruel's motion. (*See* App. at 4.)

**8.** The actual truck was originally manufactured in 1988, and the "safari body" was welded to the truck's chassis the same year. (*See* App. at 130 (copy of motor vehicle registration form); Houston Archibald Aff. ¶ 3, included in App. at 109.)

**9.** Notably, the federal standards do not require passenger seat belts for any buses, regardless of manufacture date. *See* 49 C.F.R. § 571.208 (included in Appellant's Br. at ADD19).

**10.** A point not raised by any of the parties either in the proceedings below or in this appeal is that 20 V.I.C. § 466 addresses only the *use* of seat belts and not whether seat belts must be provided to passengers riding in the rear of a vehicle.

jury. *See* RESTATEMENT (SECOND) OF TORTS ["RESTATEMENT"] [11] § 328B(b)-(c). As recognized by Lee, we look to available legislative enactments for the appropriate standard to apply to Gruel's operation of the safari bus. Although there was no local law in effect on the date of the accident, April 26, 1991, there was federal legislation on point, namely, the federal motor vehicle safety standards. *See* 49 C.F.R. pt. 571. As Lee agrees, the federal safety standards do not require manufacturers to equip buses manufactured in 1988 or earlier with passenger seat belts. *See id.* § 571.208, S4.4 (standards applicable to buses manufactured on or after January 1, 1972, and before September 1, 1990). Accordingly, the applicable standard of conduct did not require Gruel to have seat belts for his passengers in the back. It necessarily follows as a matter of law that operating a safari bus manufactured in accordance with federal safety standards without rear passenger seat belts could not have posed an unreasonable risk to the appellant.[12] *See* RESTATEMENT § 284(a) (defining negligent conduct as "an act which the actor as a reasonable [person] should recognize as involving an unreasonable risk of causing an invasion of an interest of another"). Furthermore, Gruel's bus had passed all Virgin Islands inspections as being safe for use. (*See* App. at 130 (copy of motor vehicle registration form).) Gruel had no reason to think he was operating the vehicle in an unsafe or negligent manner.

■ The Territorial Court's February 1999, ruling also rejected Lee's contention that Gruel was negligent because he failed to warn her of the dangerous condition that existed because of the lack of seat belts or other restraining devices on the safari bus. The judge found that "there is no basis to support a reasonable inference that adequate warning [that the bus had no seat belts for passengers] would have caused [Lee] to act differently." (App. at 143.) On appeal, Lee argues that the trial judge failed to consider whether Gruel was negligent by "failing to post a sign to alert her of the dangerous situation posed by the absence of the appropriate restraining devices," the other theory set forth in her complaint. (Appellant's Br. at 26.) Specifically, Lee contends that Gruel should have advised her of the possible dangers that could result from the lack of seat belts, such as she could fall out of the bus if it was in an accident, and that he should have told her that she should have gripped the handrails tightly to reduce her chance of injury.[13]

As noted by the trial court, Lee was a frequent rider of safari buses and was familiar with the lack of seat belts and the

11. In the absence of local law to the contrary, the American Law Institute's various Restatements of Law are the rules of decision in the Virgin Islands. 1 V.I.C. § 4.

12. Although the Virgin Islands statute addressing mandatory seat belt usage for the driver and front seat passenger was not effective at the time of the accident, the statute offers further indication of what "the opinion of society" was at the time concerning "what should be done or left undone by a reasonable [person] under the circumstances of the particular case." RESTATEMENT § 285 cmt. d. The statute, by not requiring all passengers to wear seat belts, expressed the sense of the Legislature that a higher standard than that already in place under the federal guidelines was not needed.

13. In her appeal, Lee states that the trial judge did not consider these other issues because Gruel did not raise them in his motion for summary judgment. She continues by stating that had Gruel raised the issues, she of course would have responded to them. (Appellant's Br. at 25–26.) This argument is disinguous at best since Lee failed to file any opposition to Gruel's motion entirely, not just specific sections. She now attempts to raise these numerous issues for the first time in this Court.

presence of hand rails on these vehicles. There is no evidence in the record to suggest that any additional warnings or other suggestions of precautions passengers could take to avoid alleged dangers would have altered Lee's conduct. She knew of the condition of the bus and chose to continue riding in the vehicle. *Smollett v. Skayting Dev. Corp.*, 793 F.2d 547, 548–49 (3d Cir.1986) (where plaintiff continued to utilize skating rink despite known risks, she assumed the risk of her injuries); *Chelcher v. Spider Staging Corp.*, 892 F.Supp. 710, 715 (D.Vi.1995) (failure to warn claim requires the plaintiff to show that warning would have "prompted safe behavior").

## IV. CONCLUSION

Based on an application of the federal motor vehicle safety standards, Warren Gruel was not required to provide seat belts to passengers riding in his safari bus. In the absence of this duty, Lee's claim for negligence against Gruel for his failure to provide seat belts fails as a matter of law. Her claim that Gruel was negligent because he failed to provide adequate warnings that the safari bus lacked seat belts, the dangerous conditions created by the lack of seat belts, and of precautionary measures passengers could have taken to reduce the risks, similarly fails. Lee has not demonstrated that any such warning would have altered her behavior. She also assumed the risk of her injuries by her repeated use of safari buses even though she knew that they lacked seat belts. Accordingly, the Court will affirm, although on different grounds, the Territorial Court's order of February 9, 1999, granting Gruel's motion for summary judgment. An appropriate order is attached.

### ORDER

For the reasons set forth in the accompanying memorandum opinion of even date, it is hereby

**ORDERED** that the February 9, 1999, order of the Territorial Court granting summary judgment in favor of appellee Warren Gruel is **AFFIRMED**. It is further

**ORDERED** that Clifton Ashley Boynes' and Houston Archibald's motions to dismiss this appeal as against them are **GRANTED**. It is further

**ORDERED** that the Clerk shall issue the mandate in this matter in accordance with the Virgin Islands Rules of Appellate Procedure and then shall **CLOSE** this file.