Loretta WORT, Plaintiff-Appellee,

v.

William VIERLING, et al.,
Defendants-Appellants.

No. 85–1856.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 5, 1985.*

Decided Nov. 21, 1985.**

George J. Lewis, Lewis, Blickhan, Longlett & Timmerwilke, Quincy, Ill., for defendants-appellants.

Thomas E. Kennedy, III, Land of Lincoln Legal Asst., East St. Louis, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, BAUER and RIPPLE, Circuit Judges.

CUMMINGS, Chief Judge.

This is an appeal by defendants-appellants from the denial of a post-judgment motion which sought to vacate an award of attorney's fees under 42 U.S.C. § 1988. We are without jurisdiction to review the propriety of the denial of the motion because the notice of appeal was not timely. Therefore, the appeal is dismissed.

I.

On May 26, 1982, Wort, a high school student, filed a civil rights action against her school district and others contesting her dismissal from the National Honor Society. She was selected for membership in March 1981, became pregnant in July 1981, and was married in October 1981. She was dismissed from the NHS in February 1982 for deficiency of leadership and character, allegedly because of her premarital pregnancy. Her complaint alleged that she had been discriminated against on the basis of sex and dismissed from the Society because of her pregnancy. Her complaint sought, among other things, immediate reinstatement to the NHS, a temporary restraining order, and a request for attorneys' fees and costs. The motion for a temporary restraining order was denied by Judge Ackerman on May 28, 1982.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such state-ment having been filed, the appeal has been submitted on the briefs and record.

** This appeal was originally decided by unreported order on November 21, 1985. *See* Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

The case proceeded to a bench trial. On September 4, 1984, Judge Ackerman issued an order finding that the defendants had discriminated against Wort on the basis of sex in violation of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 *et seq.*) and the Fourteenth Amendment. The defendants were ordered to reinstate Wort in the NHS.

On December 3, 1984, Wort's attorneys filed an application for costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988. Defendants filed a response, but did not request a hearing on the matter even though Judge Ackerman died between the trial and the motion for fees and costs. On January 29, 1985, Judge Baker entered an order granting Wort's application for costs, expenses, and attorneys' fees. The court awarded attorneys' fees in the amount of $19,567.50 and costs in the amount of $1,553.32.

On February 12, 1985, defendants served a motion to vacate and for hearing on application for costs, expenses, and attorneys' fees. The district court denied the motion on April 19, 1985. Defendants filed their notice of appeal on May 14, 1985. Wort contends that we lack jurisdiction over defendants' appeal because their notice of appeal was untimely.

## II.

The order granting Wort attorneys' fees and costs was entered on January 29, 1985. Rule 4(a), Fed.R.App.P., requires that notice of appeal be filed within thirty days of the entry of a final order. A court of appeals may not enlarge this time period. Fed.R.App.P. 26(b). Timely filing of a notice of appeal is mandatory and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 41 L.Ed.2d 259 (1960). Defendants filed their notice of appeal on May 14, 1985, one hundred and five days after the district court's order was entered.

The notice of appeal was, however, filed within thirty days from the district court's denial of the defendants' motion to vacate. A timely motion to alter or amend the judgment filed with the district court under Rule 59(e), Fed.R.Civ.P., will toll the running of the thirty days. Fed.R.App.P. 4(a)(4). But Rule 59(e) provides that such a motion must be brought within ten days after the entry of the judgment. Here defendants' motion was entitled "motion to vacate and for hearing on application of costs, expenses and attorneys' fees" and was served fourteen days after the district court's order.[1] Since defendants' motion was not filed within ten days after the entry of the order, it was not timely and did not toll the thirty days.

Defendants' untimely motion to vacate and their failure to file a notice of appeal within thirty days of the district court's order leaves us without jurisdiction. But defendants argue that this case falls within the exception established by *Thompson v. Immigration and Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam). In *Thompson*, post-trial motions under Rules 52 and 59 were

---

1. Defendants' motion to vacate did not rely upon any particular rule. We are construing the motion as a Rule 59(e) motion to alter or amend judgment since it questioned the correctness of the order. *See United States v. City of Chicago*, 631 F.2d 469, 474 (7th Cir.1980). But even if the motion were to be construed as a Rule 52(b) motion to amend findings or make additional ones, the time period for making the motion would also be ten days, and the motion would still be untimely.

    The motion to vacate might have been timely under Fed.R.Civ.P. 60(b), which also provides relief from a final judgment upon a showing of one of the six reasons enumerated in Rule 60(b). Defendants, however, did not allege any of the six reasons under Rule 60(b) in their motion or argue on appeal that they proceeded under Rule 60(b). In fact, the only rule defendants mention on appeal is Rule 59(e). Accordingly, we do not consider whether their motion was timely under Rule 60(b) or whether, if timely, the district judge abused his discretion in denying the motion; defendants have waived these arguments on appeal since they did not raise them in their briefs. In any event, a motion under Rule 60(b) does not toll the time for appeal and, therefore, we would still be without jurisdiction to review the underlying judgment. *See McKnight v. United States Steel Co.*, 726 F.2d 333, 335 (7th Cir.1984).

filed twelve days after the entry of judgment. The notice of appeal filed would have been timely had the post-judgment motion tolled the appeals period. The moving party alleged that he relied upon opposing counsel's failure to raise a claim of untimeliness when the motions were filed and the district court's explicit statement that the Rule 59 motion was made "in ample time." The Court said that under these "unique circumstances" the case should be remanded to be heard on its merits. *Id.* at 387, 84 S.Ct. at 399.

We have applied the *Thompson* exception in cases where the district court gave explicit assurance that the motion was timely. In *Needham v. White Laboratories, Inc.,* 639 F.2d 394, 398 (7th Cir.), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981), the defendant filed a post-trial motion for a judgment notwithstanding the verdict within ten days of the entry of judgment. The motion tolled the thirty-day limitation until the entry of the district court order denying the motion on January 14. On February 4, the defendant filed a motion for reconsideration of the January 14 denial of the motion for judgment notwithstanding the verdict. A motion to reconsider an order denying a timely post-trial motion does not toll the thirty-day limitation period that began to run when the first post-trial motion was denied. *Id.* at 397. Thus the defendant's notice of appeal filed on April 21 was untimely. But at the February 4 hearing on defendant's motion to reconsider, the district court assured defendant that the motion to reconsider tolled the appeal time. We said that the defendant should not be penalized for relying on the district court's assurance that the appeal time was tolled. *Id.* at 398.

We have also applied the *Thompson* exception in cases where the district court gave the moving party implicit assurance that the motion was timely. In *Textor v. Board of Regents of Northern Ill. Univ.,* 711 F.2d 1387, 1390 (7th Cir.1983), the court denied the plaintiff leave to amend on February 2. The plaintiff filed an untimely motion for reconsideration of that order on February 17. The district court denied the

motion on February 18, but did not do so on the basis of untimeliness. Later, while the plaintiff could still file a timely notice of appeal, the district court struck the order and granted plaintiff time to file memoranda in support of her "Rule 59 motion." The plaintiff relied upon this in preparing memoranda in support of her motion rather than filing a notice of appeal. We concluded that the facts of *Textor* fit within the *Thompson* exception.

Similarly, in *Bernstein v. Lind-Waldock & Co.,* 738 F.2d 179, 182–83 (7th Cir.1984), the district court entered judgment on November 29. On December 7, plaintiff filed a "garbled" motion for extension of time to file the notice of appeal and for leave to postpone filing a motion to reconsider the judge's decision under Rule 60. On December 9, the court granted the motion for extension of time for filing the notice of appeal and established a briefing schedule for the Rule 60(b) motion. That motion was denied several months later, and within thirty days after denial the notice of appeal was filed. We stated "that if before the time for filing the notice of appeal has expired the district judge grants an extension of time for filing the notice beyond the limits set forth in Rule 4(a)(5), and the appellant relies on the extension, the notice of appeal is timely if filed within the extended time." *Id.* at 182–83.

Recently, in *St. Mary's Hospital Medical Center v. Heckler,* 753 F.2d 1362, 1365–66 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 3502, 87 L.Ed.2d 633 (1985), we applied the *Thompson* exception where a motion for reconsideration was timely filed, but not served on opposing counsel. The opposing party took no formal action cognizable by the court to oppose the motion. Although the district court gave the moving party no explicit assurance that her motion was timely, the district court issued a six-page memorandum and order explaining its ruling denying reconsideration. In addition, the court did not retract the order *sua sponte* once opposing counsel informally advised the court of the lack of service. We held that such implicit assurance of

timeliness by the district court brought the case within the *Thompson* exception.

This case does not fall within the *Thompson* exception. As the above cases indicate, we have permitted parties to maintain otherwise untimely appeals where the appellant has reasonably and in good faith relied upon implicit or explicit judicial action seemingly extending the appeal period. But in all of the cases the trial court's action occurred prior to the expiration of the official period for filing a timely appeal. In this case, defendants could not have relied upon the district court's denial of their motion to vacate because the motion was denied on April 19, 1985, fifty days after the time for appeal had run on the original order. The district court did not give any reasons for its denial of the motion to vacate, but the fact that the district court ultimately considered the motion cannot affect the timeliness of the appeal because the district court is without power to enlarge the time for making Rule 59(e) motions. Fed.R.Civ.P. 6(b).

This case is not unlike *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). In *Browder,* the defendant filed a motion to stay the execution of a habeas writ and to conduct an evidentiary hearing on November 18, twenty-eight days after the habeas writ was granted. The motion was untimely under Rule 52(b) or 59 and hence could not toll the running of the thirty-day time limit. Nevertheless, the district court granted a stay on December 8 and ruled that the motion should not be denied because it was untimely. The district court's action was nineteen days after the time for appeal had run on the original order granting habeas relief. The Supreme Court held that the appeal filed after the eventual denial of the motion was untimely. *Id.* at 265–66, 98 S.Ct. at 561–62. In this case, since the defendants did not rely upon the district court in not filing a timely notice of appeal, the case is not within the *Thompson* exception. The court is therefore with-

out jurisdiction to consider the appeal of the January 29 order.

APPEAL DISMISSED.