William L. GREEN, Plaintiff–Appellant,

v.

William BISBY, et al.,
Defendants–Appellees.

No. 88–1380.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1989.

Decided March 9, 1989.

Kary Love, Moline, Ill., for plaintiff-appellant.

L. Lee Smith, Asst. U.S. Atty., Peoria, Ill., J. William Roberts, U.S. Atty., Springfield, Ill., for defendants-appellees.

Before POSNER, FLAUM and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff-appellant William L. Green ("Green") brought this action against his supervisor, defendants-appellees William Bisby, Randall B. Westphal, and William Baumgarten ("the defendants"). Green claims that the defendants, management employees of the United States Department of the Army, acting under color of federal law, circulated a writing which falsely charged Green with "sabotage against the Rock Island Arsenal and the United States Government." Green alleges that this memorandum and evaluation of his job performance violated his constitutional rights. Green seeks monetary damages, declaratory relief, and injunctive relief.

The defendants submitted a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, including exhibits with their memorandum. Green responded with a memorandum that contained no exhibits or affidavits. The district court treated the motion to dismiss as a motion for summary judgment, and granted summary judgment for the defendants. Plaintiff appeals.

I.

Green, a civilian machinery mechanic at the government's Rock Island Arsenal,

filed a complaint in district court alleging that the defendants (who were his supervisors), violated his constitutional rights. Specifically, Green alleges that in retaliation for his work as a steward for the International Association of Machinists and Aerospace Workers, defendant Baumgarten, with the approval and concurrence of his co-defendants, wrote a memorandum in December of 1985 accusing Green of sabotage and recommending his suspension for one day. The "sabotage" consisted of withholding information from the government about the working status of a machine he had disassembled for repair. According to the memo, the repair of the machine was consequently delayed. The disciplinary action was later reduced to a letter of reprimand.

Green contended that the defendants' actions violated his First and Fifth Amendment rights. Green sought monetary damages as well as an order restraining the defendants from future constitutional trespasses. In response, the defendants filed a motion to dismiss the action, alleging that it was barred by *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). The defendants attached to their motion copies of the Baumgarten memorandum at issue, a job description for defendant Baumgarten, and a copy of the negotiated agreement between the Rock Island Arsenal and the Machinists' union. Green filed a memorandum in response, arguing that *Bush* was inapplicable, and the defendants filed a reply memorandum.

Following a hearing on the motion to dismiss, the court entered an order on October 21, 1987, stating that it was treating the defendants' motion to dismiss as a motion for summary judgment, as permitted by Fed.R.Civ.P. 12(b)(6). The district court then granted summary judgment to the defendants.

On November 17, 1987, twenty-seven days after the district court had entered judgment, Green moved to amend that judgment under Fed.R.Civ.P. 59(e). (The district court had previously extended the ten-day deadline for filing a Rule 59(e) motion). On December 17, 1987, the district court ordered the defendants to respond to the Rule 59(e) motion, which the defendants did on December 30, 1987. The district court denied Green's Rule 59(e) motion on January 13, 1988, finding it untimely. On February 3, 1988, Green filed his notice of appeal to this court. The issues in this appeal are: (1) Was Green's appeal timely filed? (2) Should a portion of Green's brief be struck for including evidence which is not in the record? and (3) Was it harmless error for the district court to treat a motion to dismiss as a motion for summary judgment without first giving notice to the parties? For the reasons stated below, we conclude that we lack jurisdiction to consider this appeal, and therefore do not reach the merits of the last two issues. *See Christianson v. Colt Industries Operating Corp.,* —— U.S. ——, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988).[1]

### II.

Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal must be filed within 30 days of the date of entry of the judgment or order from which the appeal is taken. If, however, the United States or its officers is a party, the time limit is extended to 60 days. Fed.R.App.P. 4(a)(1).

In the instant case, the relevant schedule is as follows:

| Date | Action |
| --- | --- |
| 10/21/87 | Defendants' motion to dismiss is granted and complaint is dismissed |
| 10/28/87 | Green files motion for extension of time to file motion under Fed.R.Civ.P. 59 |
| 10/29/87 | District court grants motion for extending time to file under Fed.R.Civ.P. 59 until 11/18/87 |

---

1. Although we do not reach the merits of the third issue, we wish to re-emphasize the importance of a district court notifying a plaintiff if it intends to treat a motion to dismiss as a motion for summary judgment. *See Lazzara v. Howard A. Esser, Inc.,* 802 F.2d 260, 273 (7th Cir.1986); *Chicago–Midwest Meat Association v. City of Evanston,* 589 F.2d 278, 282 (7th Cir.1978), *cert. denied,* 442 U.S. 946, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979).

| Date | Action |
|------|--------|
| 11/17/87 | Green files motion to amend judgment under Fed.R.Civ.P. 59 |
| 11/21/87 | Deadline for filing notice of appeal unless United States or officer is a party |
| 12/17/87 | District court gives defendants 10 days to file response to Fed. R.Civ.P. 59 |
| 12/21/87 | Deadline for filing notice of appeal if U.S. or officer is a party |
| 12/30/87 | Defendants file response to Fed.R.Civ.P. 59 |
| 1/13/88 | District court denies Green's Rule 59 motion as untimely |
| 2/3/88 | Green files notice of appeal |

The defendants claim that this Court lacks jurisdiction to hear this appeal as it was untimely filed. To support this claim, the defendants allege that the deadline for Green to file a notice of appeal was either November 21 (if the defendants were not officers of the United States) or December 21 (if they were officers of the United States). Green filed a notice of appeal on February 3, 1988. In either event, the defendants argue, Green's appeal was untimely filed. We agree.

■ Green had until November 2, 1987, to bring his Rule 59(e) motion. A district court cannot extend the time for making or serving a Rule 59(e) motion. *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111 (7th Cir.1985). If such a motion is untimely filed, it will not toll the time for appealing the original judgment. *See, e.g., Tunca v. Lutheran General Hospital*, 844 F.2d 411, 413 (7th Cir.1988). The timely filing of a notice of appeal is mandatory and jurisdictional. *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). Therefore, since the Rule 59(e) motion does not toll the time for appeal, Green had until November 21 (or December 21) to file his appeal.[2] As he failed to do so until February 3, 1988, we lack jurisdiction to consider this appeal.

■ If we were to find that Green's motion of October 28, 1987, requesting more time to file a Rule 59 motion was a "substantive motion," it could be then interpreted as a timely filed Rule 59 motion, which would toll the time for an appeal. *See Marine Bank, National Association v. Meat Counter, Inc.*, 826 F.2d 1577, 1579 (7th Cir.1987). This is not the case here, as the motion was not substantive, but procedural, in that it sought an extension of time. "By substantive motion we mean one that if granted would result in a substantive alteration in the judgment rather that just in a correction of a clerical error *or in a purely procedural order such as one granting an extension of time within which to file something.*" *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir. 1987) (Emphasis added).

■ Green claims that we may consider the merits of this appeal under the "unique circumstances" doctrine. The "unique circumstances" doctrine will excuse an untimely filed notice of appeal when "a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, — U.S. ——, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). In this case, a magistrate entered a minute order granting the appellant's request for an extension of time to file the Rule 59(e) motion. The mere entry of a minute order, however, is not an act of affirmative representation by a judicial officer as contemplated by *Osterneck*.

*Osterneck*'s strict construction of the "unique circumstances" doctrine may occasionally produce a harsh result when an erroneous extension has been granted. To avoid this scenario, we emphasize that district courts cannot grant extensions of time in a Rule 59(e) context under *Bailey v. Sharp*, 782 F.2d 1366 (7th Cir.1986) (per curiam). A failure to take cognizance of this controlling precedent may one day de-

---

**2.** We need not resolve the issue of whether the defendants were or were not officers of the United States at the time of their actions, thereby triggering the sixty-day deadline. As Green failed to make either deadline, the distinction is unimportant; the Court lacks jurisdiction in either case.

prive a party of the opportunity to pursue a meritorious appeal.[3]

## III.

For the reasons discussed above, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

3. Counsel at oral argument acknowledged that no real harm was done in the instant case. Green's counsel stated that Green will not be damaged by the "sabotage" letter that is the basis for this action, as the record has been expunged.