952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorenzo TURNER, Petitioner-Appellant,
v.
Richard B. GRAMLEY and Roland Burris,[2]
Respondents-Appellees.
 No. 91-1161.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.[1]
Decided Jan. 13, 1992.
Rehearing and Rehearing En Banc
Denied April 3, 1992.
 
 Before POSNER, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lorenzo Turner is a prisoner at the Dixon Correctional Center. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed on September 10, 1990. On September 24, 1990, Mr. Turner gave a "Motion to Reconsider" to prison authorities for mailing to the district court clerk. Nothing in the record indicates that the motion was mailed to the respondent. The district court denied the motion in an order entered October 10, 1990. On October 28, 1990, Mr. Turner gave his notice of appeal, along with other motions and documents, to prison officials for mailing. This time, both the clerk and the respondent were designated to receive the documents. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.[3]
 
 I. Jurisdiction
 
 2
 An appeal of a judgment must to be filed within 30 days to invoke the jurisdiction of this court. Fed.R.App.P. 4(a)(1) (1991). Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560 (1978); Green v. Bisby, 869 F.2d 1070, 1072 (7th Cir.1989). A Rule 59(e) motion to alter or amend a judgment will toll the time during which a notice of appeal must be filed. Fed.R.App.P. 4(a)(4); Cange v. Stotler & Co., 913 F.2d 1204, 1212 (7th Cir.1990). A substantive motion to reconsider is treated as a Rule 59(e) motion. Billups v. Methodist Hosp. of Chicago, 922 F.2d 1300, 1305 (7th Cir.1991); Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986). To be timely, a Rule 59(e) motion must be served within 10 days of entry of a judgment. Fed.R.Civ.P. 59(e) (1991); Green, 869 F.2d at 1072. Tardiness in serving a Rule 59(e) motion is not excused by a lack of familiarity with the Federal Rules of Civil Procedure. Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989); citing Marane, Inc. v. McDonald's Corp., 755 F.2d 106, 111 (7th Cir.1985) (no cases where 59(e) extension has been made for a pro se litigant). Mr. Turner never served the respondent with the motion to reconsider. He mailed the motion only to the district court clerk. The motion was filed within ten days, but not served as required by Rule 59(e).[4] Therefore, Mr. Turner's motion was not timely and the time to appeal was not tolled.
 
 
 3
 An exception to the timeliness rule exists if Mr. Turner shows unique circumstances. Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283 (1962) (per curiam). Under that exception, if Mr. Turner had filed the motion, and this motion (if properly filed) postponed the deadline for filing the appeal, that appeal might have been heard, although untimely. Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397 (1964). However, Mr. Turner's error must have been a result of actually relying on an affirmative misstatement by the district judge. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179, 109 S.Ct. 987, 993 (1989); Green, 869 F.2d at 1072; see Bailey v. Sharp, 782 F.2d 1366 (7th Cir.1986) (per curiam). The exception does not apply here because the record does not indicate that the respondent was ever served with the motion to reconsider. Additionally, Mr. Turner's motion was ruled on in a minute order, entered the same day that the time to file the notice of appeal expired. At no time did the district judge state that the motion was being considered pursuant to Rule 59(e), nor indicate that the filing time clock had been tolled.[5] The mere entry of a minute order is not an affirmative representation as contemplated by the Supreme Court in Osterneck. Green, 869 F.2d at 1072.
 
 
 4
 If we were to consider the motion as a request for relief from judgment pursuant to Rule 60(b), Mr. Turner's notice of appeal was timely to appeal the denial of the motion, but not the judgment itself. A Rule 60(b) motion does not toll the time in which to file an appeal. Cange, 913 F.2d at 1213; Fed.R.App.P. 4(a)(4) (1991). To construe a motion as made pursuant to Rule 60(b), the motion must allege as its basis one of the six reasons stated in Rule 60(b). Fed.R.Civ.P. 60(b) (1991); Wort v. Vierling, 778 F.2d 1233, 1234 n. 1 (7th Cir.1985). Mr. Turner alleges none of these reasons in his motion, nor did Mr. Turner cite Rule 60(b), or any rule for that matter, when making his motion. Even if the motion had been proper under Rule 60(b), he never served the motion on the defendants. Thus, we will not consider whether the court abused its discretion when denying the motion. Wort, 778 F.2d at 1234 n. 1.
 
 II. Conclusion
 
 5
 For the foregoing reasons, we lack jurisdiction in this matter. Therefore, the appeal is DISMISSED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.R. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 Pursuant to Fed.R.App.P. 43(c)(1), Roland Burris has been substituted for Neil F. Hartigan
 
 
 [3]
 We take a moment to note that although the petition was dismissed as frivolous, the district court issued a certificate of probable cause, allowing the case to be appealed. These actions are inherently contradictory: dismissing the plaintiff's case for frivolousness, yet certifying that the plaintiff had non-frivolous grounds for appeal. In these situations, we remind the district court that a statement of the reasons for granting a certificate of probable cause assists us when reviewing the appeal. Johnson v. Gramley, 929 F.2d 350, 351 (7th Cir.1991)
 
 
 [4]
 A prisoner files a document when that document is mailed or turned over to a prison official to deposit with the court. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988). Similarly, service is effective when the document is mailed or turned over to prison authorities. Cf. Id.; Fed.R.Civ.P. 5(b) (1991). Mr. Turner mailed his motion for reconsideration on September 24, 1990, the last possible date to still fall within the ten-day limit. Although the actual time between the entry of judgment and the mailing was fourteen days, days the court is not in session are not counted. Cange, 913 F.2d at 1213; Fed.R.Civ.P. 6(a) (1991)
 
 
 [5]
 The order stated that "The court denies plaintiff's motion for reconsideration, for the reasons stated in its order of September 7, 1990."