978 F.2d 1258
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Edward CAMPBELL, Petitioner-Appellant,
v.
J.H. ROSE, Warden, Respondent-Appellee.
 No. 92-5128.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Petitioner has filed a motion for leave to proceed on appeal in forma pauperis.
 
 
 2
 Campbell pleaded guilty to charges of second degree murder and aggravated kidnapping and received consecutive sentences of 30 and 20 years imprisonment. Post-conviction relief was denied, the decision affirmed on appeal and a petition to appeal to the Tennessee Supreme Court denied.
 
 
 3
 Campbell made several arguments in his habeas corpus petition. The district court determined that the argument that his plea was involuntary because of coercion by his attorney, mental retardation and being on prescription medicine was not exhausted in the state courts and that cause and prejudice had not been shown. Campbell also claimed that he was not advised of his right against self-incrimination because of ineffective assistance of counsel. The district court determined that he failed to raise that claim in the trial court and that because there is no constitutional right to effective assistance of counsel in post-conviction proceedings that it cannot constitute cause for the procedural default. In addition, the district court determined that ineffective assistance of counsel was not shown. The district court determined that the claims were without merit and denied the petition for a writ of habeas corpus by judgment entered November 27, 1991. Campbell on December 13 filed a motion for extension of time within which to file a motion to reconsider which was denied by order entered January 3, 1992. Campbell appealed on January 23, 1992, from the judgment entered November 27, 1991, and the order entered January 3, 1992.
 
 
 4
 On appeal, petitioner argues that he was denied effective assistance of counsel, that his guilty plea was involuntary and that he should not be barred from presenting his claim that he was not advised of his right against self-incrimination.
 
 
 5
 The notice of appeal as it applies to the November 27, 1991, judgment is 26 days late and this court lacks jurisdiction. Fed.R.App.P. 4(a) and 26(a). Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Therefore, the appeal is late as it applies to the judgment.
 
 
 6
 The notice of appeal was timely filed as it applies to the order denying an extension of time for filing a motion for reconsideration. However, the district court is not permitted to extend the time for filing a Fed.R.Civ.P. 59(e) motion for reconsideration. See Fed.R.Civ.P. 6(b); Green v. Bisby, 869 F.2d 1070, 1072 (7th Cir.1989); Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir.1988); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam). The district court did not err in denying the motion because it had no authority to grant it.
 
 
 7
 Accordingly, it is ORDERED that the motion for leave to proceed on appeal in forma pauperis be granted, the appeal as it applies to the judgment be dismissed and the appeal as it applies to the order denying an extension of time be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.