989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael Joseph BEAN, Jr., Plaintiff/Appellant,
v.
Francisco SANTOS and Jose Gutierrez, Defendants/Appellees.
 No. 91-3179.
 
 Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 26, 1993.
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Bean brought a Bivens action against Francisco Santos and Jose Gutierrez, prison guards of the federal prison at Terre Haute. He alleged that in violation of the Eighth Amendment, Santos assaulted him in a secured shower stall, and that Gutierrez witnessed the assault but refused to intervene. The defendants filed a motion for summary judgment and presented evidence showing that no assault ever took place. The district court found that Bean had failed to dispute the defendants' facts and granted the defendants' motions for summary judgment on August 28, 1991. Bean filed a timely notice of appeal on September 16, 1991. On October 22, 1991, Bean filed a motion for relief from judgment pursuant to Rule 60(b) which the district court denied.
 
 
 2
 We agree with the district court that Bean has failed to present any issues of material fact, and that the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex v. Catrett, 106 S.Ct. 2548 (1986). Therefore, we affirm the judgment of the district court for the reasons set forth in the attached memorandum of the district court.
 
 
 3
 Bean raises an additional argument on appeal that the district court erred in considering the "perjured" declarations of the defendants. His allegations may be relevant to the weight given to the defendants' declarations, but general allegations of perjury, unsupported by specific facts, do not create triable issues of fact. See Kissel v. Breskow, 579 F.2d 425 (7th Cir.1978).
 
 
 4
 Bean also raises the argument that he was denied appropriate time to file a Rule 59(e) motion because he was not notified of the judgment until after the time for filing had passed. The district court cannot extend the time for filing a Rule 59(e) motion. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990) (citing Greene v. Bisby, 869 F.2d 1070, 1072 (7th Cir.1989)), cert. denied, 111 S.Ct. 761 (1991). Once the ten-day time period for filing a Rule 59(b) motion had passed, Bean's remedy, which he sought, was to file a Rule 60(b) motion. Id.
 
 
 5
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 6
 Michael Joseph Bean, Jr., Plaintiff,
 
 
 7
 v.
 
 
 8
 F. Santos, J. Guiterrez, Defendants.
 
 
 9
 Cause No. IP 91-144-C.
 
 
 10
 Aug. 28, 1991.
 
 
 11
 ENTRY DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND
 
 GRANTING MOTIONS FOR SUMMARY JUDGMENT
 
 12
 This cause is before the Court on the plaintiff's complaint and on the motion for summary judgment and supporting materials of defendant F. Santos. In addition, the Court has before it the separate motion for summary judgment of defendant Guiterrez and the plaintiff's request for the appointment of counsel, which was previously taken under advisement.
 
 
 13
 Whereupon the Court, having read and examined such complaint and motions, and being duly advised, now finds that the request for the appointment of counsel should be denied and that the defendants' motions for summary judgment should be granted. Judgment consistent with this Entry shall now issue.
 
 
 14
 IT IS SO ORDERED.
 
 
 15
 ----------------/s/ Sarah Evans Barker
 
 
 16
 ----------------SARAH EVANS BARKER, Judge
 
 
 17
 ----------------United States District Court
 
 MEMORANDUM
 Background
 
 18
 The Complaint. Plaintiff Michael Joseph Bean, Jr. ("Bean") is an inmate at the United States Penitentiary in Lewisburg, Pennsylvania but was at the times relevant to his complaint confined at the United States Penitentiary at Terre Haute, Indiana. The defendants, Santos and Guiterrez, were correctional officers at the Terre Haute institution.
 
 
 19
 In Bean's complaint he alleges that on the morning of January 1, 1991 he was escorted to the shower from a segregation unit by Officer Guiterrez. Upon arriving at the shower his handcuffs were removed. Officer Santos entered the area "directly outside" of the shower area. Bean requested clean clothes from Officer Guiterrez and Officer Santos explained where they were.
 
 
 20
 A few minutes later Officer Guiterrez returned with clean underwear, but failed to bring a clean undershirt. Bean complained of not receiving a clean shirt, Officer Santos refused to call a supervisor and entered the shower area, pushed Bean against the wall, removed his handcuffs and struck him in the face with the handcuffs. Officer Guiterrez viewed this incident but made no attempt to stop Officer Santos. Officer Santos left to call a supervisor. Lt. McMullen arrived at the segregation unit and Bean was allowed to take his shower without further incident.
 
 
 21
 Bean's Claims. On the basis of these actions the plaintiff asserts four causes of action, viz.: (1) the defendants violated the statutory duty of care imposed by 18 U.S.C. § 4042 to provide for his safekeeping; (2) defendant Santos violated Indiana's criminal assault statute and also violated Equal Protection by not affording protection to him; (3) defendant Guiterrez, a witness to the actions of Officer Santos, substantiated Santos' claim of being free from wrongdoing; and (4) Bureau of Prisons' regulations regarding the application of restraints were violated and this, in turn, violated the plaintiff's Eighth Amendment right to be free from physical assault.
 
 
 22
 Based on this incident the plaintiff brought this action pursuant to the theory set forth in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). He seeks declaratory relief and money damages from the defendant, who is sued in both his individual and his official capacities. The plaintiff was granted leave to proceed in forma pauperis in this action and after summons was issued the defendants appeared by counsel. Each defendant has filed a motion for summary judgment, which motions were accompanied by notices pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), explaining the nature of a motion for summary judgment, the proper manner in which to respond and the consequences of failing to respond. The plaintiff's ability to respond to such a motion is well-demonstrated by his response to an earlier motion to dismiss, as well as his other pleadings in the case. The plaintiff has responded by supplying a group of documents which, if anything, relate to the status of the action against Officer Guiterrez. Bean has also presented many documents in recent weeks claiming denial of access to the courts, but this case does not appear to be among those which are impeded. Accordingly, the Court may now rule on the pending motions.
 
 
 23
 Request for appointment of counsel. In its Entry of May 30, 1991 the Court took the plaintiff's motion for appointment of counsel under advisement, noting that the plaintiff "has been diligent and capable in presenting his claims [and that it] is unlikely that this is one of the exceptional cases in which the Court should request representation for a civil litigant pursuant to 28 U.S.C. § 1915(d)." Having again reviewed the pleadings and having also considered the evidentiary materials in support of and opposing the pending motions for summary judgment, the Court now determines that in fact the plaintiff's claim is not colorable or complex, that the facts concerning such claim are essentially undisputed, that the plaintiff has certainly not been restricted in his access to this Court and that, under these circumstances, the motion for appointment of counsel should be denied.
 
 
 24
 Defendant Santos' Motion for Summary Judgment. Notwithstanding the plaintiff's allegations, defendant Santos has established without contradiction that the following occurred, and because his account is properly documented under Rule 56(e) these matters are now accepted as the facts on which the disposition of the action must be based.
 
 
 25
 On January 1, 1991 Officer Santos was in the "lock box" in the I-East Unit of the Terre Haute institution. This was a secured area from which he could monitor the movement of inmates in that Unit and operate the electronic controls which opened and closed individual cell doors. He also had a view of the hallway and the door leading to the shower stall. At this time Officer Guiterrez was taking inmates, one at a time, for their showers.
 
 
 26
 There is a specific procedure whereby an inmate being escorted from his cell to the shower area is put in restraints, escorted, placed in the shower area, given shower articles and fresh clothing and then returned to his cell. In the course of these procedures with Bean, Officer Guiterrez handed Bean his fresh clothing, including a clean shirt. Bean protested this and insisted on being supplied a different clean shirt. Santos told Guiterrez that if Bean was not going to take a shower he should be handcuffed and escorted back to his cell.
 
 
 27
 Bean refused these options, whereupon Santos left the lock box and repeated these orders to Bean. Bean again refused and requested that a supervisor be called. Guiterrez then offered Bean a different clean shirt. Bean refused and started yelling that Santos had assaulted him. Lt. McMullen was called to the scene and convinced Bean to proceed with his shower.
 
 
 28
 Bean continued to verbally complain that Santos had assaulted him. A physician's assistant was called to give Bean a physical examination. Bean refused the examination and also refused to sign a form documenting his refusal.
 
 
 29
 During this entire encounter with defendant Santos, Bean was inside the secured mesh shower area. The wire mesh is of such density that it does not permit the passage of a hand or arm or of an object as large as a pair of handcuffs. Santos remained outside this area and did not strike Bean with any part of his body or any object.
 
 
 30
 Defendant Guiterrez's Motion for Summary Judgment. Defendant Guiterrez has established without contradiction from the plaintiff that he did not witness Officer Santos threaten or strike the plaintiff. After the plaintiff continued to protest his desire for a different clean shirt, Guiterrez left the shower stall area (with the plaintiff inside and defendant Santos outside) to get a new shirt and was away from the shower stall area for only four to five seconds. The account of the incident by each defendant is similar and neither suggests or provides a basis for inferring that the plaintiff was physically abused or mistreated in any other way.
 
 Discussion
 
 31
 The plaintiff's action is brought pursuant under the theory set forth in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), which established that a victim of a constitutional violation by a federal agent acting under color of federal law has a right to recover damages against that official in federal court. Jurisdiction over such claims exist through 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A prerequisite to maintaining an action under § 1331 is that the plaintiff "must allege a violation of the United States Constitution or a federal statute." Goulding v. Feinglass, 811 F.2d 1099, 1102 (7th Cir.1987), cert. denied, 107 S.Ct. 3215 (1987).
 
 
 32
 "The first inquiry in every Section 1983 [or Bivens ] case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States." Baker v. McCollan, 443 U.S. 137, 140 (1979). The Supreme Court has specifically rejected the view that all excessive force claims are to be judged by a generic constitutional standard of "reasonableness." Graham v. Connor, 109 S.Ct. 1865 (1989). Instead, the first inquiry in such an action is to identify the specific constitutional right allegedly infringed by the challenged application of force. Id., 109 S.Ct. at 1870.
 
 
 33
 A claim of excessive force used to subdue a convicted prisoner must be analyzed under an Eighth Amendment standard. Whitley v. Albers, 475 U.S. 312, 318-326 (1986). An Eighth Amendment violation requires proof of the " ' "unnecessary and wanton infliction of pain." ' " Whitley v. Albers, 475 U.S. at 319, quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977), quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976). When prison officials use physical force against an inmate "to restore order in the face of a prison disturbance, ... the question whether the measure taken inflicted unnecessary and wanton pain ... ultimately turns on 'whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. ' " 475 U.S., at 320-321 (emphasis added), quoting Johnson v. Glick, 481 F.2d, at 1033. Other factors which can be useful in analyzing excessive force claims brought under the Eighth Amendment are (1) the need for the application of force; (2) the relationship between that need and the amount of force that was used; and (3) the extent of the injury inflicted.
 
 
 34
 Summary judgment is warranted under F.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also Celotex Corp. v. Catret, 106 S.Ct. 2548 (1986). A party seeking summary judgment "always bears the initial responsibility of informing the District Court of the basis for its motion...." Id. 106 S.Ct. at 2553. Once a motion for summary judgment has been made and properly supported, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial. See Rule 56(e); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. den., 464 U.S. 960 (1983). Bean has failed to dispute any of the facts established by the defendants' motions.
 
 
 35
 Based on the undisputed facts, Bean was not assaulted or even threatened by Officer Santos. His disruptive behavior warranted the measures which were taken, i.e., Santos leaving the lock box, being informed that he would either have to shower or return to his cell and ultimately calling Lt. McMullen. Thus, regardless of the particular theory which Bean asserts, the factual basis for any cause of action is entirely absent and defendant Santos is entitled to judgment as a matter of law. The same is true with respect to defendant Guiterrez, whose alleged wrongful conduct rests entirely on the plaintiff's baseless claim of an assault by defendant Santos. The Court does not find it necessary to address the defendants' alternative arguments that the doctrines of sovereign or qualified immunity insulates them from liability under any statutory or common law duty which may have existed.
 
 Copies to:
 Michael Joseph Bean, Jr. # 00491-051
 United States Penitentiary
 P.O. Box 1000
 Lewisburg, PA 17837
 Gerald Coraz
 Office of the United States Attorney
 United States Courthouse--5th Floor
 46 East Ohio Street
 Indianapolis, IN 46204
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record