14 F.3d 596
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Amy RAPPAPORT; Nolan Rappaport, Plaintiffs-Appellants,
and
Gail Rappaport, Plaintiff,
v.
Paul VANCE, Dr., Superintendent; Hiawatha Fountain, Dr.,
Associate Superintendent for Special and
Alternative Education, Defendants-Appellees.
 No. 93-1916.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 16, 1993.
Decided Jan. 5, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. CA-92-2252-Y; Joseph H. Young, Senior District Judge.
 Nolan Wayne Rappaport, Potomac, MD, for appellants.
 David Charles Hjortsberg, Reese & Carney, Columbia, MD and Zvi Greismann, Asst. Atty. Gen., Rockville, MD, for appellees.
 D.Md.
 DISMISSED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants[1] noted this appeal outside the thirty-day appeal period established by Fed.R.App.P. 4(a)(1),[2] failed to obtain an extension of the appeal period within the additional thirty-day period provided by Fed.R.App.P. 4(a)(5), and are not entitled to relief under Fed.R.App.P. 4(a)(6). The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellants' failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 [1]
 Because of the omission of her name from the notice of appeal, Gail Rappaport is not a party to this appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988) (use of "et al." designation in notice of appeal insufficient to indicate losing party's intention to appeal). Her participation in this appeal is also precluded by her failure to sign the notice of appeal. Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981)
 
 
 [2]
 Because it lacked a certificate of service or other indication of the date of service on opposing counsel, see Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir.1988) (burden of proof as to service and date thereof on movant; absence of dated certificate of service precludes such proof and, therefore, consideration under Fed.R.Civ.P. 59(e)), the letter sent to the district court by Appellants' counsel, seeking reconsideration of the final judgment, could not be properly construed under Rule 59(e) and did not toll the deadline for filing a timely appeal. Fed.R.App.P. 4(a)(4); Wort v. Vierling, 778 F.2d 1233, 1234 (7th Cir.1985). Hence, Appellants' notice of appeal, filed 159 days after the partial summary judgment order appealed herein and fifty-nine days after the court's final disposition of this case, was untimely