**Filed 10/11/96**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

Sally Naylor Shaw,

      Plaintiff-Appellant,

v.

Panasonic Company, et al.,

      Defendants-Appellees.

No. 95-3170
(D.C. No. 94-CV-1189-PFK)
District of Kansas

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Circuit Judge, **MURPHY**, Circuit Judge, and **MCWILLIAMS**, Senior Circuit Judge.

---

Sally Naylor Shaw filed suit on March 25, 1993, against Panasonic Company, and

others, in the United States District Court for the Eastern District of New York.

Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332. Shaw alleged that

she had suffered "repetitive stress injuries" from her use of computer keyboards

manufactured by the defendants, and she asserted claims based on negligence and product

liability. Shaw's case was consolidated with other keyboard product liability actions

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

pending in the United States District Court for the Eastern District of New York. The Second Circuit subsequently vacated the consolidation orders. *See In re Repetitive Stress Injury Litigation,* 11 F.3d 368 (2nd Cir. 1993).

Thereafter, upon motion of the defendants, Shaw's action and others were severed and transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Kansas. Shaw was a citizen and resident of Kansas, and the alleged injury occurred in Kansas. The defendants each filed motions for summary judgment, or for judgment on the pleadings, claiming that Shaw's claims were barred by the statute of limitations of New York, or Kansas, or both. The district court granted the defendants' motions and dismissed the action. In so doing, the district court held that the action was time-barred by the statute of limitations of both New York and Kansas. Shaw appealed.

At the outset, there is a jurisdictional problem: whether Shaw timely filed her notice of appeal. A chronology will put this matter in focus.

A formal judgment in favor of the defendants was entered on March 15, 1995. On March 31, 1995, sixteen days after entry of the judgment, Shaw filed a motion for an extension of time from March 29, 1995, to April 7, 1995, within which to file a motion to reconsider the order. On April 4, 1995, the district court entered an order granting an extension to April 7, 1995.

It would appear that on April 7, 1995, Shaw filed with the district court a

memorandum in support of her motion to reconsider. In the "Introduction" to the memorandum, counsel for Shaw stated, "[b]y the present Motion, plaintiffs strongly urge this Court to reconsider and vacate that ruling, and reinstate plaintiffs' Complaint." However, for whatever the reason, the motion itself was not filed with the district court until April 13,1995[1]. The motion was labeled as "Plaintiff's Motion to Reconsider and Alter Order Granting Summary Judgment." On April 26, 1995, the district court denied the motion. In so doing the court construed the motion as a Rule 59(e) motion to alter and amend the judgment. The court then found that the motion had not been filed within the required ten days after the entry of formal judgment. *See* Fed. R. Civ. P. 59(e). The district court nonetheless went on to address the merits, and held that the motion "fails to demonstrate any error in the court's earlier resolution of the case." On May 26, 1995, Shaw filed a Notice of Appeal.

In a civil case, a notice of appeal must be filed with the clerk of the district court within thirty days after the date of entry of the judgment being appealed. A timely Rule 59(e) motion to alter or amend tolls the time in which to file an appeal. Fed. R. App. P. 4(a)(4)(C). However, a Rule 59(e) motion "shall be filed no later than 10 days after entry of the judgment."

---

[1] Counsel states in his brief that "[t]he only reason a subsequent 'motion' was filed on April 13, 1995, was that the Clerk of the District Court requested a separate docket entry for the 'motion.'"

In the instant case, judgment was entered on March 15, 1995. The motion to alter and reconsider was filed with the district court on April 13, 1995, although, as indicated, a memorandum was filed with the district court on April 7, 1995. In either case, both April 7 and April 13, 1995, were beyond the ten day period from the date of judgment provided for by Rule 59(e).

Shaw argues that because the district court granted her an extension of time in which to file a motion to alter and reconsider the order, her Rule 59(e) motion was timely and tolled the period in which to file an appeal. Shaw's argument is not persuasive. First, we note that she filed her motion for an extension on March 31, 1995, more than ten days after the entry of final judgment on March 15, 1995. *See* Fed. R. Civ. P. 6(b)(1) (court may grant extension, in certain circumstances, "if request therefor is made before the expiration of the period originally prescribed"). Second, regardless of the reason, she filed her motion to reconsider on April 13, 1995, six days after the court-ordered deadline of April 7, 1995. Finally, and dispositively, the district court lacked the authority to grant any extension. Fed. R. Civ. P. 6(b).

Fed. R. Civ. P. 6(b) provides that a court may, within its discretion, order an enlargement of time in which to file a motion, "but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them." Subsection (1) of Rule 6(b) concerns a request for enlargement of time where the "request therefor is made before the expiration of

the period originally prescribed or as extended by previous order . . . ." Subsection (2) concerns a request for enlargement where the request therefor is made after the expiration of the specified period, but "the failure to act was the result of excusable neglect." However, the final provision in 6(b) states that " [the district court] may not extend the time for taking any action under Rule . . . 59. . .(e)." That provision applies to both subsections (1) and (2) of 6(b), and flatly forbids an extension of time for a Rule 59(e) motion. In *Collard v. United States,* 10 F.3d 718, 719 (10th Cir. 1993), we held that Rule 6(b) prohibits a district court from extending the time within which to file a Rule 59(e) motion. *Accord Green v. Bisby,* 869 F.2d 1070, 1072 (7th Cir. 1989) ("district court cannot extend the time for making or serving a Rule 59(e) motion").

Shaw argues that since the district court actually granted her motion for an extension of time, and that she relied thereon, she has shown "unique circumstances" which bring her within *Thompson v. I.N.S.*, 375 U.S. 384 (1964). In *Thompson,* the petitioner filed untimely motions in the district court under Rules 52 and 59, i.e., twelve days after the entry of judgment. *See* Fed. R. Civ. P. 52(b), 59(e) (motions must be filed within ten days of judgment). The government did not object to the untimely filing and the district court specifically declared that "the motion for a new trial" was made "in ample time." The motions were ultimately denied and on appeal the government moved to dismiss on the ground that the appeal had not been timely filed. The Court of Appeals for the Seventh Circuit dismissed the appeal. *Thompson v. I.N.S.*, 318 F.2d 681 (7th Cir. 1963). On

certiorari, the Supreme Court, in a 5-4 decision, vacated the Circuit's dismissal, noting that petitioners had relied on the district court's statement that the Rule 59(e) motion had been filed "in ample time," and that the case came within the "unique circumstances" doctrine enunciated in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215 (1962).

However, the Supreme Court subsequently cut back on *Thompson* and held that "Thompson applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal *and has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989) (emphasis added). The fact that the district court in the instant case granted an extension of time to file a Rule 59(e) motion is not the "specific assurance" required by *Osterneck.* We have held that where the district court improperly granted a motion for an extension of time to file an appeal, no unique circumstances existed. *Certain Underwriters at Lloyds of London v. Evans,* 896 F.2d 1255 (10th Cir. 1990). In that case, we commented that the parties had a duty to become familiar with the appellate rules and that the party's reliance on the erroneous extension was not "reasonable." *Id.* at 1258. That reasoning is also applicable to the instant case. Under Fed. R. Civ. P. 6(b), the district court had no authority to extend the time in which to file a Rule 59(e) motion. It was unreasonable for Shaw to rely on that extension.

The Seventh Circuit reached a similar result in *Green v. Bisby, supra.* The plaintiff in that case requested an extension in which to file a Rule 59(e) motion seven days after the

entry of final judgment. The district court granted the motion. On appeal, the Seventh Circuit dismissed the appeal because the notice of appeal was not timely filed. As above stated, the Seventh Circuit held that a district court could not extend the time for making or serving a Rule 59(e) motion, and it rejected the suggestion that the "unique circumstances" doctrine was applicable. *Green,* 869 F.2d at 1072. In connection with the latter, the Seventh Circuit stated that the "mere entry of a minute order, however, is not an act of affirmative representation by a judicial officer as contemplated by Osterneck."[2]  Id.

When a party files a Rule 59(e) motion out of time, we have construed it as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992). Under Fed. R. App. P. 4(a)(4)(F), a 60(b) motion must be filed within ten days of a final judgment in order to toll the time in which to file a notice of appeal. Construing Shaw's untimely Rule 59(e) motion as a Rule 60(b) motion, in such circumstances we lack jurisdiction to review the merits of the underlying judgment, though we do have jurisdiction to review the district court's order denying Shaw's Rule 60(b) motion, because she timely appealed that order. However, relief under Rule 60(b) is discretionary, and is warranted only in exceptional circumstances. *Van Skiver,* 952 F.2d at 1243. Those circumstances must be shown by

---

[2]In her brief in this Court, Shaw suggests that she has shown "excusable neglect." There is nothing in the record before us to indicate that such was presented to the district court.

- 7 -

satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.[3]  *Id*.  Because neither Shaw's motion nor the record show any basis for Rule 60(b) relief, the district court did not abuse its discretion in denying her motion.

In sum, judgment was entered in this case on March 15, 1995.  Under Fed. R. App. P. 4(a)(1), a notice of appeal must be filed within thirty days after the entry of judgment.  Under the circumstances above described, there was no tolling of that thirty day period.  The notice of appeal was not filed until May 26, 1995, well beyond the thirty day limit.  Accordingly, Shaw's appeal was not timely filed, and we do not have jurisdiction to review her claims.

Appeal dismissed.

ENTERED FOR THE COURT

Robert H. McWilliams

---

[3]Those grounds are:

> (1) mistake,  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Senior Circuit Judge